UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:                                                    Chapter 7

513 Central Park LLC,                                     Case No. 819-74159-735

        Debtor.

-----------------------------------------------------------X

**EX PARTE MOTION FOR AN ORDER PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING
MARC A. PERGAMENT, CHAPTER 7 TRUSTEE OF THE ESTATE
OF 513 CENTRAL PARK LLC TO CONDUCT EXAMINATIONS
OF PRIVATE CAPITAL FUNDING CO., LLC, RONALD FRANKEL,
WINHAVEN MATTITUCK LLC, SHELDON GANZ, JONATHAN WINSTON AND
WINHAVEN ASSOCIATES II LLC, WINHAVEN ASSOCIATES LLC, WINHAVEN
BOERUM LLC, WINHAVEN CAPITAL PARTNERS LLC, WINHAVEN CORE
ACQUISITIONS GROUP, LLC, WINHAVEN DEVELOPMENT OF NEW YORK
INC., WINHAVEN GROUP LLC, WINHAVEN GROUP OF NEW YORK LLC,
WINHAVEN HOLDINGS LLC, WINHAVEN MANAGEMENT OF NEW YORK INC.,
WINHAVEN MANAGEMENT SERVICES CORP., WINHAVEN OF NEW YORK
CITY LLC, WINHAVEN REALTY LLC AND WINHAVEN WESTHAMPTON
BEACH PLAZA LLC AND DIRECTING THE PRODUCTION OF DOCUMENTS**

        Marc A. Pergament, Chapter 7 Trustee ("Trustee") of the Estate of 513 Central Park LLC ("Debtor"), by and through his attorneys, Weinberg, Gross & Pergament LLP, seeks, by this *ex parte* motion ("Motion"), the entry of an order substantially in the form annexed hereto as Exhibit "A" ("Order"): (a) authorizing the Trustee to issue subpoenas pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for testimony from Private Capital Funding Co., LLC, Ronald Frankel, Sheldon Ganz, Jonathan Winston, Winhaven Mattituck LLC, Winhaven Associates II LLC, Winhaven Associates LLC, Winhaven Boerum LLC, Winhaven Capital Partners LLC, Winhaven Core Acquisitions Group, LLC, Winhaven Development of New York Inc., Winhaven Group LLC, Winhaven Group of New York LLC, Winhaven Holdings LLC, Winhaven Management of New York Inc., Winhaven Management Services Corp., Winhaven of

New York City LLC, Winhaven Realty LLC and Winhaven Westhampton Beach Plaza LLC and directing Private Capital Funding Co., LLC, Ronald Frankel, Sheldon Ganz, Jonathan Winston, Winhaven Mattituck LLC, Winhaven Associates II LLC, Winhaven Associates LLC, Winhaven Boerum LLC, Winhaven Capital Partners LLC, Winhaven Core Acquisitions Group, LLC, Winhaven Development of New York Inc., Winhaven Group LLC, Winhaven Group of New York LLC, Winhaven Holdings LLC, Winhaven Management of New York Inc., Winhaven Management Services Corp., Winhaven of New York City LLC, Winhaven Realty LLC and Winhaven Westhampton Beach Plaza LLC to produce the documents identified in the Requests for Documents annexed hereto as Exhibit "B;" and (b) for such other and further relief as this Court deems just and proper.

Marc A. Pergament, duly affirms under the penalties of perjury as follows:

1. I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit and the United States District Court for the Eastern and Southern Districts of New York and am a member of Weinberg, Gross & Pergament LLP, attorneys for the Trustee.

2. I am also the Trustee of this Estate, having duly qualified as such, and by operation of law, became the permanent Trustee of this Estate.

3. I am also fully familiar with the facts and circumstances contained herein. This Affirmation is presented in support of the Trustee's Motion for an Order: (a) authorizing the Trustee to issue a subpoena pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for testimony from Private Capital Funding Co., LLC, Ronald Frankel, Sheldon Ganz, Jonathan Winston, Winhaven Mattituck LLC, Winhaven Associates II LLC, Winhaven Associates LLC, Winhaven Boerum LLC, Winhaven Capital Partners LLC, Winhaven Core Acquisitions Group,

LLC, Winhaven Development of New York Inc., Winhaven Group LLC, Winhaven Group of New York LLC, Winhaven Holdings LLC, Winhaven Management of New York Inc., Winhaven Management Services Corp., Winhaven of New York City LLC, Winhaven Realty LLC and Winhaven Westhampton Beach Plaza LLC and directing Private Capital Funding Co., LLC, Ronald Frankel, Sheldon Ganz, Jonathan Winston, Winhaven Mattituck LLC, Winhaven Associates II LLC, Winhaven Associates LLC, Winhaven Boerum LLC, Winhaven Capital Partners LLC, Winhaven Core Acquisitions Group, LLC, Winhaven Development of New York Inc., Winhaven Group LLC, Winhaven Group of New York LLC, Winhaven Holdings LLC, Winhaven Management of New York Inc., Winhaven Management Services Corp., Winhaven of New York City LLC, Winhaven Realty LLC and Winhaven Westhampton Beach Plaza LLC to produce the documents identified in the Requests for Documents annexed hereto as Exhibit "B;" and (b) for such other an further relief as this Court deems just and proper.

<u>Background and Relevant Facts</u>

4.   On June 7, 2019 ("Petition Date"), 513 Central Park LLC (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5.   The Debtor testified by its member, Eve Winston, at its § 341(a) Meeting of Creditors conducted on August 14, 2019 that the Debtor entered into several loan agreements and the funds that were obtained were utilized for a variety of projects in which the Debtor was not an owner and did not receive any benefit from the transfers of those funds. The loans were granted to the Debtor by Private Capital Funding Co., LLC and Ronald Frankel.

6.   Upon information and belief, Mr. Frankel's entities entered into a joint venture and/or partnership arrangements with Eve Winston and/or Jonathan Winston and/or their affiliates. Ms. Winston is the sole member of the Debtor and Jonathan Winston is her husband.

Ms. Winston lacked any detail regarding those transactions, but testified that her husband and Sheldon Ganz are fully familiar with the Debtor's financials and the transactions.

7. The transfers of the loan funds must be examined to determine if there were fraudulent conveyances of those funds and whether there is a basis to challenge Mr. Frankel's claim and the mortgages granted to him.

8. In addition, the Trustee needs to examine allegations that the modification agreements between the Debtor and the lenders may have been executed without consideration for the benefit of the Debtor and/or that equitable subordination of the mortgages may be appropriate.

9. Ms. Winston testified that the books and records and documents related to all of the transactions involving the Debtor were turned over to Mr. Sheldon Ganz, who is presently, upon information and belief, a partner or employee of entities in which Mr. Frankel is an owner or controlling party. Those entities include Mattituck LLC and Winhaven LLC.

10. Therefore, on behalf of the Trustee, I am requesting that this Court authorize the Trustee to issue subpoenas to Private Capital Funding Co., LLC, Ronald Frankel, Sheldon Ganz, Jonathan Winston, Winhaven Mattituck LLC, Winhaven Associates II LLC, Winhaven Associates LLC, Winhaven Boerum LLC, Winhaven Capital Partners LLC, Winhaven Core Acquisitions Group, LLC, Winhaven Development of New York Inc., Winhaven Group LLC, Winhaven Group of New York LLC, Winhaven Holdings LLC, Winhaven Management of New York Inc., Winhaven Management Services Corp., Winhaven of New York City LLC, Winhaven Realty LLC and Winhaven Westhampton Beach Plaza LLC pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

11. There is an urgent need for Rule 2004 examinations to be conducted as soon as possible so as to assist the Trustee in determining, among other things, whether adversary proceedings should be filed to pursue assets for the benefit of creditors and all parties in interest.

### Legal Authority

12. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides, in the pertinent part, as follows:

> (a) *Examination on Motion.* On motion of any party in interest, the court may order the examination of any entity.
>
> (b) *Scope of Examination.* The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . .
>
> (c) *Compelling attendance and production of documentary evidence.* The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

13. An application for a Bankruptcy Rule 2004 examination may be considered ex parte or after notice. *In re Hickman,* 151 B.R. 125, 128 (Bankr.N.D.Ohio 1993); *see also In re Symington,* 209 B.R. 678, 689 (Bankr.D.Md. 1997) ("Rule 2004 motions are generally granted ex parte, as was the case here, without the advance notice required to be given in a contested matter."). Rule 9077-1(b) of the Local Rules for the Bankruptcy Court in the Eastern District of New York requires that requests for ex parte orders are based on an affidavit or an affirmation showing cause for ex parte relief.

14. It is well established that the scope of an examination under Bankruptcy Rule 2004 is unfettered and broad. *In re Bakalis,* 199 B.R. 443, 447 (Bankr.E.D.N.Y. 1996; *In re Vantage Petroleum Corp.,* 34 B.R. 650, 651 (Bankr.E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a "Lasting expedition." *In re M4 Enters., Inc.,* 190 B.R. 471, 474 (Bankr.N.D.Ga. 1995); *In re Frigitemp Corp.,* 15 B.R. 263, 264 n.3 (Bankr.S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "Lasting expeditions"). Examinations under Bankruptcy Rule 2004(a) and (c) in a chapter 7 case may properly include within their scope, among other things, any matter which may relate to the property and assets of the estate, the financial condition of the debtor, any matter which may affect the administration of a debtor's estate, and any matter relevant to the case.

15. Here, the information sought by the Trustee in connection with this Motion is consistent with Bankruptcy Rule 2004 and the interpretive case law.

16. "The purpose of a Rule 2004 examination is "to show the condition of the estate and to enable the Court to discovery its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 514 (Bankr.E.D.N.Y. 1991) (citing *Cameron v. United States,* 231 U.S. 710, 717 (1914)).

17. "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 f.3d 600 (2d Cir. 1994); *see also In re Ecam Publications, Inc.,* 131 B.R. 556, 559 (Bankr.S.D.N.Y. 1991) (third parties may be subject to examination if they have knowledge of the debtors' affairs).

18. The Trustee is seeking to discover information and documents related to potential claims of the estate and respectfully submits that such information and documents fall within the broad scope of Rule 2004.

19. Accordingly, the Trustee's request presents a "matter which may affect the administration of the debtor's estate" under Bankruptcy Rule 2004(b).

20. No prior application for the relief sought herein has been made to this or any other Court.

WHEREFORE, for the foregoing reasons, it is respectfully requested that this Honorable Court grant the Trustee's Motion and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       September 19, 2019

                                                Marc A. Pergament